# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ali Al-Awadi,

    Petitioner,

v.

Jeffrey Fikes, Warden, FCI-Sandstone,

    Respondent.

Civ. No. 21-2291 (WMW/BRT)

**REPORT AND RECOMMENDATION**

---

Petitioner Ali Al-Awadi was convicted after a jury trial in the United States District Court for the Southern District of Indiana on three counts of sexual exploitation by producing child pornography and four counts of attempted production of child pornography.[1] *See United States v. Al-Awadi*, 873 F.3d 592, 596 (7th Cir. 2017). The United States Court of Appeals for the Seventh Circuit affirmed the convictions and sentence of 324 months' imprisonment. *Id.* at 595. A subsequent motion brought by Al-Awadi pursuant to 28 U.S.C. § 2255 in the Southern District of Indiana collaterally attacking his conviction and sentence was denied. *See Al-Awadi v. United States*, No. 1:18-CV-3327 (TWP/MPB), 2020 WL 1956041, at *1 (S.D. Ind. Apr. 23, 2020).

Al-Awadi—who is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota—now seeks to challenge his conviction through a petition for a

---

[1] Three of the convictions for attempted production of child pornography were vacated by the district court after trial because the crimes charged were lesser included offenses of the completed offenses for which Al-Awadi had been convicted. *See United States v. Al-Awadi*, 873 F.3d 592, 596 (7th Cir. 2017).

writ of habeas corpus brought in this District. Because "it plainly appears from the petition . . . that the petitioner is not entitled to relief," Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, it is recommended that the petition be denied and this matter be dismissed.[2]

In his habeas petition, Al-Awadi presents two grounds for relief that were offered neither to the Seventh Circuit on direct appeal nor to the Southern District of Indiana in Al-Awadi's § 2255 motion. First, Al-Awadi argues that all of the counts for which he was convicted related to the same instance of misconduct and that the indictment was thus multiplicitous, subjecting him to more than one punishment for the same crime. (*See* Doc. No. 1, Petition at 3-6.) Second, Al-Awadi argues that the jury in his criminal trial did not reflect a fair cross-sectional representation of the community because of the prosecution's intentional exclusion of minority participants. *Id.* at 6–8.

Al-Awadi himself recognizes in his petition that a habeas petition is typically not the appropriate procedural vehicle through which to challenge a conviction and sentence imposed in federal court. *See* Petition at 1-2 (citing *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . ..")). Relief from a federal conviction or sentence is available only under § 2255 unless "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the

---

[2]   Al-Awadi's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. *See* Rule 1(b).

petitioner's] detention." 28 U.S.C. § 2255(e). "[I]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091. The fact that a petitioner failed to raise a claim under § 2255 that was, or reasonably could have been, known to the petitioner at the time the § 2255 motion was filed does not render § 2255 "inadequate or ineffective." 28 U.S.C. § 2255(e); *accord United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir. 2000). The exclusive-remedy rule of § 2255(e) is jurisdictional: unless Al-Awadi can establish that § 2255 is an inadequate or ineffective procedural vehicle through which to present his claims, the Court lacks jurisdiction over those claims. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

Al-Awadi contends that he nevertheless should be permitted to challenge his convictions and sentence through a habeas petition because he could not have raised his claims earlier, *see* Petition at 1, but he provides no justification for his contention, which is plainly false. Both claims presented in the habeas petition would have been, or reasonably should have been, known to Al-Awadi as early as the time of his direct appeal (if not sooner). Neither the contents of the indictment nor the grounds on which Al-Awadi were convicted would have been a mystery to him when he appealed his convictions and sentence; there is no plausible argument that Al-Awadi could not have presented his multiplicity claim at that time. Nor can Al-Awadi argue that the racial or ethnic composition of the jury or the prosecution's conduct with respect to the jury were unknown to him until after his § 2255 proceedings had concluded—again, the factual basis for this claim would have been known to Al-Awadi as early as the time that he

3

initiated his direct appeal. Having missed his opportunity to raise his grounds for relief on direct appeal and again through § 2255, Al-Awadi cannot now claim that either of those remedies is inadequate or ineffective. *See Lurie*, 207 F.3d at 1077-78.

The Court therefore lacks jurisdiction over the habeas petition, which must be denied on that basis. *See* 28 U.S.C. § 2255(e); *DeSimone*, 805 F.2d at 323. Finally, because it is recommended that the petition be denied and this matter dismissed, it is further recommended that Al-Awadi's pending application to proceed *in forma pauperis* (Doc. No. 2) be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The petition for a writ of habeas corpus of petitioner Ali Al-Awadi (Doc. No. 1) be **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

2. This matter be **DISMISSED WITHOUT PREJUDICE**.

3. Al-Awadi's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

Dated: October 20, 2021            *s/ Becky R. Thorson*
                                   BECKY R. THORSON
                                   United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).